Gladys Hakonson *vs.* Clarence C. Hakonson.

MARCH 19, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This divorce proceeding was heard in the superior court on the wife's petition alleging extreme cruelty on the part of the husband, and on the husband's cross-petition alleging gross misbehavior and adultery on the part of the wife. The trial justice denied and dismissed both petitions.

The case is here on a bill of exceptions brought by each party. However, the petitioner formally waived her exceptions in this court and the case was argued on the cross-petitioner's exceptions one and five. Exceptions two, three and four in his bill were neither briefed nor argued.

Exception one is to the ruling of the trial justice excluding testimony by Edith W. Merino, a witness for the peti-

tioner, as to her previous conviction for crime (G. L. 1938, c. 537, § 16). This exception is without merit. Even granting that this evidence should have been admitted, we find that in the circumstances of this case the exclusion of such evidence, which merely tended to impeach the credibility of the witness, resulted in no prejudice to the cross-petitioner.

. Exception five is to the decision of the trial justice, denying and dismissing the cross-petition. Under this exception the cross-petitioner contends that the evidence clearly shows petitioner was guilty of adultery and gross misbehavior, and that he was not guilty of extreme cruelty as alleged in the petitioner's petition. He therefore contends that he is entitled to a divorce on his cross-petition, and that the decision of the trial justice denying and dismissing it is clearly erroneous.

The trial justice did not rest his decision on the ground that the cross-petitioner was guilty of extreme cruelty, but on the ground that the evidence showed he had not demeaned himself as a faithful husband and performed all the obligations of the marriage covenant. It was not necessary for the trial justice to find the cross-petitioner guilty of extreme cruelty, as alleged in the petitioner's petition, in order to warrant a denial of the cross-petition. Indeed, unless he could find from the evidence that the cross-petitioner was free from fault in his conduct toward his wife, it was his duty to deny the cross-petition. *Hurvitz v. Hurvitz*, 44 R. I. 478; *McLaughlin v. McLaughlin*, 44 R. I. 429; *Puhacz v. Puhacz*, 55 R. I. 306. It was a part of the cross-petitioner's case, which he was required to prove affirmatively, that he had always demeaned himself as a faithful spouse. In the opinion of the trial justice, he did not do this. His decision being based upon his judgment of the credibility of the witnesses and of the weight of their testi-

mony, will not be disturbed by this court unless it is clearly wrong.

The transcript shows that the cross-petitioner on one occasion brutally assaulted the petitioner and beat her severely. His excuse or justification of his conduct was weak and wholly lacking in credibility. He sought to minimize the injuries which he had inflicted upon the petitioner, but the testimony of other witnesses left no doubt of their severity and of the violence of the assault which had produced them.

It appeared also that there was lacking any provocation therefor which might have tended to mitigate, though not excuse, cross-petitioner's conduct. The alleged misconduct of the petitioner occurred subsequently to this particular assault and after the parties had separated as a result of it. There was further evidence, though not much, of previous assaults by the cross-petitioner. There was also evidence of some abnormal desires of the cross-petitioner which were not gone into in the testimony but which the petitioner testified caused her to give up cohabitating with the cross-petitioner, as husband and wife, for over a year preceding their separation.

The trial justice believed and weighed this testimony against that of the cross-petitioner in finding that his conduct had not been that of a faithful spouse, as alleged in his cross-petition. In coming to this conclusion, he had the advantage, which is denied to us, of seeing the parties and their witnesses and hearing them testify. Unless there is something appearing in the transcript which would enable us to say that he was clearly wrong in crediting the evidence of the petitioner and discrediting that of the cross-petitioner on this subject of the cross-petitioner's misconduct, his decision will not be disturbed. We have carefully perused the transcript and have found nothing that would warrant us in so doing and setting aside his decision.

The exceptions which the cross-petitioner briefed and argued here are overruled, and his other exceptions, not being briefed or argued, are deemed to be waived. The case is accordingly remitted to the superior court for further proceedings.

*Cornelius C. Moore, Charles H. Drummey,* for petitioner.

*Charles R. Easton,* for respondent.